**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-34174

JOHN STEVEN MILLER
DORIS ANN MILLER

      Debtors

    TROY HIGHTOWER
    CONSTANCE HIGHTOWER

      Plaintiffs

      v.            Adv. Proc. No.  05-3193

JOHN STEVEN MILLER

      Defendant

**MEMORANDUM ON
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**APPEARANCES:**   DAVID S. BYRD, ESQ.
      Post Office Box 1897
      Morristown, Tennessee  37816-1897
      Attorney for Plaintiffs

      RICHARD M. MAYER, ESQ.
      1111 Northshore Drive
      Suite S-570
      Knoxville, Tennessee  37919
      Attorney for Debtor/Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

On November 4, 2005, the Plaintiffs filed a Complaint to Determine Dischargeability of Debt (Complaint), seeking a determination that a default judgment awarded in favor of the Plaintiffs and against the Debtor/Defendant in the amount of $21,150.00 is nondischargeable under 11 U.S.C.A. § 523(a)(6) (West 2004). The Debtor filed his Answer on November 23, 2005, which was amended on January 12, 2006, denying all allegations in the Complaint.

Presently before the court is the Motion for Summary Judgment filed by the Plaintiffs on April 13, 2006, stating that no genuine issues of material fact exist and that the Debtor is collaterally estopped from litigating the issues raised in the Complaint. As required by E.D. Tenn. LBR 7056-1, the Motion for Summary Judgment is accompanied by the Plaintiff's [sic] Statement of Material Facts. The Plaintiffs also rely upon four exhibits: (1) the Complaint filed on March 23, 2004, initiating *Hightower v. Miller*, No. 04CV87 (State Court Action) in the Circuit Court for Hamblen County, Tennessee; (2) a Summons issued in the State Court Action on March 23, 2004, evidencing personal service of process upon the Debtor on March 23, 2004; (3) a Motion for Default Judgment filed in the State Court Action on April 30, 2004; and (4) an Order entered in the State Court Action on May 14, 2004, granting the Plaintiffs a default judgment in the amount of $21,500.00 against the Debtor (Default Judgment).

Pursuant to E.D. Tenn. LBR 7007-1, the Debtor filed his Response to Plaintiffs' Motion for Summary Judgment (Response) on April 26, 2006, in opposition to the Motion for Summary Judgment, accompanied by a Response to the Plaintiffs' Statement of Material Facts and the Affidavit of John Steven Miller (Affidavit) dated April 24, 2006.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

Summary judgment is appropriate, pursuant to Federal Rule of Civil Procedure 56, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c) (applicable to adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure).  When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l. Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)).  The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  The facts and all resulting inferences are viewed in a light most favorable to the nonmoving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512.  "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

Having reviewed the Motion for Summary Judgment, exhibits, Statement of Material Facts, the Response, and the Debtor's Affidavit, the court finds that genuine issues of material fact exist to preclude entry of summary judgment. The Plaintiffs seek a determination of nondischargeability under § 523(a)(6), which addresses "willful and malicious injury by the debtor to another entity or to property of another entity[.]" 11 U.S.C.A. § 523(a)(6). In order to be successful under this subsection, the Plaintiffs must prove, by a preponderance of the evidence, the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 118 S. Ct. 974, 977 (1998); *Grogan v. Garner*, 111 S. Ct. 645, 661 (1991) (burden of proof as to nondischargeability actions). In other words, the Plaintiffs must prove that the Debtor either desired to cause the consequences of his actions, or he believed with reasonable certainty that such consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999); *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002). In the Sixth Circuit, "unless the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz*, 190 F.3d at 464; *Kokenge*, 279 B.R. at 543 (citations omitted).

The Plaintiffs argue that they are entitled to summary judgment because the Debtor did not defend the State Court Action and is now collaterally estopped from litigating the issues raised therein, and that the Default Judgment reflects a willful and malicious injury which is nondischargeable under § 523(a)(6). However, the Complaint filed in the State Court Action makes

4

no mention of a "willful and malicious injury" nor does the May 14, 2004 Default Judgment.[1]  *See* PLAINTIFFS' EX. A.  The only factual allegations set forth in the Complaint commencing the State Court Action are as follows:

> The Plaintiff contracted within [sic] the Defendant to build a room addition onto the Plaintiff's house at 1490 Maple Drive, Morristown, Tennessee in Hamblen County, on or about November of 2003 for the sum of Twenty-Thousand Dollars ($20,000.00) complete.  The Plaintiffs paid to the Defendant the sum of Eighteen-Thousand Three Hundred ($18,300.00).
>
> The Defendant has breached this contract and has caused the plaintiffs irreparable damage to the foundation, wiring and interior and exterior.  So ill built was the structure that it had to be torn down.  The conduct of the Defendant that was imposed upon the Plaintiff constitutes fraud.

PLAINTIFFS' EX. A. at 1-2.  Assuming arguendo that the Plaintiffs correctly contend that, under the doctrine of collateral estoppel, the Debtor cannot litigate whether he committed fraud against them with respect to these facts due to entry of the Default Judgment, none of the above allegations remotely address any "willful and malicious injury" alleged to have been inflicted upon the Plaintiffs by the Debtor that can form the basis of a nondischargeable judgment under § 523(a)(6).[2]

Since none of the documents presently before the court offer any support to the Plaintiffs' claim that the Debtor acted "willfully and maliciously" in any way towards the Plaintiffs or their property, genuine issues of material fact exist, and the Plaintiffs' Motion for Summary Judgment will be denied.

---

[1] Neither does the Default Judgment contain a finding that the $21,150.00 default judgment awarded the Plaintiffs is grounded upon the Debtor's fraud.  The word "fraud" is not in the Order.

[2] Since it is not necessary to proceed to that issue, the court need not consider the validity of the Plaintiffs' argument concerning collateral estoppel.

An order consistent with this Memorandum will be entered.

FILED:  May 2, 2006

                BY THE COURT

                */s/  RICHARD STAIR, JR.*

                RICHARD STAIR, JR.
                UNITED STATES BANKRUPTCY JUDGE